# The Commonwealth *versus* Borden.

1. The 6th section of Act of April 9th 1760 (shooting pigeons, &c., in streets, &c.), is not obsolete.

2. The essentials of a summary conviction are an information, that the defendant be summoned or have notice of the charge and an opportunity to make his defence, the evidence be such as the common law approves, unless the statute directs otherwise; a conviction, judgment and execution according to the common law, influenced by the special authority under the statute, and a record of the whole proceedings setting forth the particular circumstances, so as to appear that the justice has conformed to the law and not exceeded his jurisdiction.

3. The proceeding under the 6th, 7th and 8th sections of the Act of 1760, is not by a qui tam action; it should be brought in the name of the Commonwealth.

4. The proceeding may be by warrant or summons at the discretion of the justice; but proceeding by warrant should be exercised with caution and moderation.

5. Where the person is a householder or inhabitant not likely to flee, summons is to be preferred, unless otherwise directed by the statute.

6. The essential part or particular substance of the whole testimony should appear in the record; the effect or result of the evidence is insufficient.

7. The offence prohibited by the 6th section of the act is shooting with "a fire-arm," and the penalty is to be measured by the number of shots, not the number of birds killed.

8. It is not necessary that the conviction should state the alternative duration of imprisonment on failure to pay or furnish a sufficient distress.

9. Imprisonment is part of the warrant of execution, not of the sentence, and the warrant must set forth the alternative imprisonment.

March 8th 1869. Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Tioga county*: No. 16, to July Term 1868.

The proceedings removed in this case were commenced July 17th 1867 before Joseph Fish, Esq., a justice of the peace of Tioga county, at the suit of the Commonwealth on the complaint of G. W. Hathaway, under the 6th, 7th and 9th sections of the Act of April 9th 1760, 1 Sm. Laws 229, Purd. 534, pl. 3, 4, 5. The 6th section enacts, that any person hunting, &c., on enclosed land, &c., and being convicted "either upon view of any justice of the peace or by the oath, &c., of any one or more witnesses before any justice of the peace, shall for every such offence forfeit the sum of 40 shillings."

[Commonwealth v. Borden.]

Section 7 enacts, " that no person shall presume to shoot at or kill with a fire-arm any dove, &c., in the open streets of Philadelphia or in the gardens, &c., adjoining upon and belonging to any dwelling-house within the limits of the said city or suburbs thereof, or any of the towns or boroughs thereof within this province, upon the forfeiture of 40 shillings for every such offence, to be convicted in manner aforesaid."

Section 9 enacts, that " the forfeitures and penalties shall be paid one moiety to the informer and one moiety to the overseers of the township where such offence is committed * * * and if the offender refuse to pay the same it shall be levied by distress, &c., * * and for want of such distress, the offender shall be committed to prison," &c.

The warrant was issued to the constable of the borough of Tioga, commanding him " to take the body of Charles Borden and bring him before Joseph Fish, one of the justices, &c., to answer the Commonwealth of Pennsylvania, upon a charge founded upon the oath of George W. Hathaway, of having on the 3d day of June last, shot at and killed four doves with a fire-arm, in a garden and enclosure belonging to and adjoining a dwelling-house in the borough of Tioga, in the county aforesaid, contrary to the Act of Assembly in such case made and provided, and further to be dealt with according to law, &c.

The following is the record of the justice:—

" Commonwealth v. Charles Borden. On complaint of G. W. Hathaway, July 15th 1867, who being duly sworn, deposeth and saith, Charles Borden on the 3d day of June last did shoot and kill with a fire-arm, four doves in the garden and enclosure to and adjoining a dwelling-house in the borough of Tioga, in the county of Tioga. Warrant issued July 15th 1867, and defendant brought into court same day, and on application of defendant the case continued to the 16th inst., at 8 o'clock in the forenoon. Defendant and H. H. Borden acknowledged themselves bound in the sum of one hundred dollars in the above suit, for the appearance of the defendant above named. And now, July 16th 1867, defendant appears in person and by counsel. Joseph Andrew, Richard Hathaway, William Hathaway, Charles Shutter, Richard Graves and Arthur Hathaway, witnesses for the prosecution, after being duly sworn according to law, and being duly examined and cross-examined, testified in substance that on the 3d day of June 1867, in the borough of Tioga, they heard and saw Charles Borden shoot at and kill four doves at different times in said day, in an enclosure adjoining and belonging to the dwelling-house of H. H. Borden, in said borough, and the said Charles Borden not producing or offering any evidence of defence, I consider and adjudge the said Charles Borden to be guilty of the offence charged against him in this case, and that

11 P. F. SMITH—18

he the said Charles did shoot at and kill in the said enclosure on the 3d day of June last, at different times during said day, four doves, contrary to the Act of Assembly in such case made and provided, and I do adjudge that he, the said Charles Borden, shall forfeit and pay the sum of forty shillings or five dollars and thirty-three cents for each dove so killed by him, and in the whole the sum of twenty-one dollars and thirty-two cents, to be collected and distributed as directed in the Act of Assembly of the 9th of April 1760. In testimony whereof, I the said justice have hereunto set my hand and seal at the borough of Tioga to this record of conviction the 16th day of July 1867."

The defendant removed the case into the Court of Common Pleas by certiorari. His exceptions were, that the justice erred,

1. In issuing a warrant of arrest in the nature of a criminal proceeding, and should have issued a summons.

2. In not recording the evidence and making it a part of the record and returning it with the writ of certiorari in this case for examination and review by the court.

3. In multiplying the statutory fine by the number of birds shot, as the shooting in the information is charged as one offence, and the conviction is not in accordance with the information and the penalty applies to the offence and not to the number of doves shot, and for aught that appears in the record, there may have been two or more doves killed at one discharge.

4. In making the Commonwealth plaintiff, and in not making George W. Hathaway, for himself as well as for the overseers of the poor of Tioga borough, plaintiff. The Commonwealth in this case is an unknown plaintiff, and it does not anywhere appear that the Commonwealth of Pennsylvania has been injured. This is a *qui tam* action.

5. That if the defendant should have been convicted, the justice erred in not fixing the alternative duration of imprisonment in case of the non-payment of the penalty imposed.

6. Justice erred in convicting the defendant under the statute, because it is a highly penal statute and must be strictly construed, and having been passed one hundred and seven years ago, and applying specially to Philadelphia city and such towns and boroughs as were then organized, cannot by implication or otherwise be extended to towns and boroughs since organized.

The court below reversed the proceedings, and the Commonwealth took out a writ of error, assigning the reversal of the judgment of the justice for error.

*C. H. Seymour* (with whom was *J. W. Guernsey*), for plaintiff in error.—The act lays down no form of proceeding, it is therefore to be according to the common law by summary conviction. It is a criminal proceeding: Commonwealth *v.* Burkhart, 11 Harris

[Commonwealth v. Borden.]

521. It was not necessary to send up the evidence: Van Swartow *v.* Commonwealth, 12 Harris 131. The record shows four different offences, and the penalty was properly imposed for each: Commonwealth *v.* Hardy, 1 Ashmead 410.

*F. E. Smith* (with whom was *H. Sherwood*), for defendant in error.—The proceedings, no form having been provided by statute, must be according to the common law: Commonwealth *v.* Hardy, *supra;* Commonwealth *v.* Cane, 2 Pars. R. 268; Rex *v.* Little, 1 Burrows 613; Binns's Justice 528. A summons is requisite: 4 Black. Com., 283 and note 5; Rex *v.* Dyer, 1 Salk. 181; Rex *v.* Benn, 6 T. R. 198. Sufficient time should be allowed for defendant and his witnesses: 1 Strange 260; Rex *v.* Mallinson, 2 Burrows 681; Rex *v.* Chandler, 14 East. 268. The evidence should be returned: Paley on Convictions 152–155; Rex *v.* Thompson, 2 T. R. 18; Rex *v.* Lovet, 7 Id. 152; Rex *v.* Clarke, 8 Id. 220; Commonwealth *v.* Nesbit, 10 Casey 403. The alternative duration of imprisonment should be fixed in the conviction: Commonwealth *v.* Irwin, 3 Penna. L. J. 59.

The opinion of the court was delivered, May 11th 1869, by

AGNEW, J.—The power of justices of the peace in summary convictions is viewed with some strictness by English writers, as being in derogation of the trial by jury: 1 Burns's Justice 343, title *Conviction;* 4 Black. Com., 280–282. Therefore, says Richard Burn, it must appear that he hath strictly pursued that power, otherwise the common law will break in upon and level all his proceedings. In this state recent cases exhibited less jealousy of it, though an entire relaxation of form is not justified: Commonwealth *v.* Burkhart, 11 Harris 521; Van Swartow *v.* Commonwealth, 12 Harris 131. It does not seem, however, that any of the essentials of a summary conviction have been yielded. According to Burn, *supra,* these are, that there must be an information or charge against the person, then he must be summoned or have notice of such charge and have an opportunity to make his defence; and the evidence against him must be such as the common law approves of, unless the statute expressly directs otherwise; then if the person is found guilty there must be a conviction, judgment and execution, all according to the course of the common law, directed and influenced by the special authority given by the statute; and in conclusion there must be a *record* of the whole proceedings, wherein the justice must set forth the particular manner and circumstances, so as if he be called to account for the same by a superior court it may appear that he has conformed to the law, and not exceeded the bounds prescribed to his jurisdiction. All this is reasonable, and seems to be as necessary to bound arbitrary

[Commonwealth *v.* Borden.]

power, and prevent oppression and injustice to the citizen of a republic, as to the subject of a crown.

Without indulging a criticism too refined upon the form of the proceeding, or requiring too much nicety to support a conviction, we think these substantive requisites should appear in each case, and the record before us be determined by this rule. The acts prohibited in the 6th, 7th and 8th sections of the Act of 9th April 1760, 1 Smith's Laws 229, are made criminal offences, punishable upon conviction before a justice of the peace. The proceeding is not by a *qui tam* action of debt, notwithstanding a moiety of the penalty is given to the informer. The act itself directs the proceeding to be by conviction, and it is therefore properly brought in the name of the Commonwealth: Commonwealth *v.* Wolf, 3 S. & R. 48; Van Swartow *v.* Commonwealth, 12 Harris 131. " Convictions are always on the prosecution of the state:" Carlisle *v.* Baker, 1 Yeates 472. This being the nature of the proceeding, it confers authority to proceed by a warrant of arrest or a summons at the discretion of the justice. The power to arrest is laid down to attend all offences which justices of the peace have authority to punish by statute: 4 Black. Com. 290; 2 Hawk. P. C. Ch. 13, § 15; 4 Burns's Justice, 367; 1 Chitty's C. L. 336. It is necessary to prevent the escape of transient and irresponsible persons; and yet should be exercised with caution and moderation. Where the person is a householder or well-known inhabitant not likely to flee, the better course is to proceed by summons unless it is otherwise directed by the statute.

The next objection is that the evidence was not recorded and returned with the writ of certiorari, for examination and review by the court. On this point the English cases observe great strictness; and in our own we have never held that less than the essential parts or particular substance of the whole testimony should be set forth: Rex *v.* Vipont, 2 Burrows 1163–5; Rex *v.* Killett, 4 Burrows 2063; King *v.* Lovet, 7 Term R. 152; King *v.* Clarke, 8 Id. 220; Mayer *v.* Mason, 4 Dallas 266; Commonwealth *v.* Burkhart, 11 Harris 521; Van Swartow *v.* Commonwealth, 12 Id. 131; Commonwealth *v.* Nesbit, 10 Casey 398. Following this rule we cannot say that the record is insufficient, without requiring a strictness which would defeat most summary convictions. It sets forth the witnesses by name, that they were duly sworn, examined and cross-examined, what their testimony in substance was, and that no testimony was offered or produced by the defence. Had the justice merely set forth what he considered was the *effect* or the *result* of the evidence, it would have been insufficient according to some of the authorities cited above. But he gives the substance of the testimony itself. " Substance," says Webster in his unabridged Dictionary, is the " essential part, the main or material part." The same use of the word is made in Cooper *v.*

[Commonwealth v. Borden.]

Bruce, 2 Watts 107, where it is held that in an action of slander the particular substance of the words spoken must be laid in the declaration, and not their mere effect. In the present case the substance set forth appears to be essentially what witnesses would be expected to say on the subject, and sufficiently defines and proves the statutory offence, and is therefore sufficiently stated.

The next objection is the multiplication of the statutory fine by the number of the birds shot at and killed; and not by the number of distinct acts of shooting. The 7th section of the Act of 9th April 1760, enacts, " That no person whatsoever shall presume to shoot at or kill with a firearm any pigeon, dove, partridge or other fowl, in the open streets of the city of Philadelphia or in the gardens, orchards and enclosures adjoining upon and belonging to any of the dwelling-houses within the limits of the said city, or suburbs thereof, or any of the boroughs or towns within this province, upon the forfeiture of forty shillings for every such offence, to be convicted in manner aforesaid." We agree with the defendant that the act of shooting with a firearm is the dangerous offence intended to be prohibited, whether the party shoots at and misses the bird, or shoots and kills it, and the penalty is therefore to be measured by the number of shots, and not the number of birds killed. Many birds might be killed at a single shot.

But the proof of the witnesses here is that " they heard and saw Charles Borden shoot at and kill four doves at *different times* in said day," &c., and the conviction is that " the said Charles did shoot at and kill in the said enclosure, &c., at *different* times during said day four doves." We think this sufficiently proves and adjudges that he *shot* at different times, as well as *killed* four doves, so that he must have made four different shots. It is true he might have shot oftener at the doves and missed sometimes, but as he is adjudged to pay the penalty of only four shots he cannot complain of this as an error.

There is no error in not stating in the conviction and judgment the alternative duration of imprisonment to be suffered on failure to pay the forfeiture or furnish a sufficient distress.

The act makes the imprisonment a part of the warrant to levy the forfeiture, but not a part of the sentence or judgment. The warrant must set forth the alternative imprisonment according to the sum of the forfeiture adjudged.

The Act of 1760 is not obsolete in respect to this offence. If it were it would be also as to all the offences contained in the 6th, 7th and 8th sections, which is not the case. Those parts of the act relating to hunting in Indian territory are obsolete, because they have no subject to act upon.

In the whole proceeding before the justice we find no error, and the judgment of the Court of Common Pleas reversing and setting aside his proceedings is therefore reversed, and the proceedings

[Commonwealth *v.* Borden.]

and judgment of the justice are affirmed, and the record is ordered to be remitted with a direction to proceed to collect the forfeiture if the same be not paid.