Per Curiam,
The validity of the ordinance which is set forth in the opinion of the learned judge below, for the violation, of which *32 the defendant was convicted, is not questioned by his counsel. Nor is it claimed by them that it would be invalid even though it applied in terms to the sale of newspapers at a place or stand maintained and kept open for that purpose. Their contention is that neither the words "goods, wares and merchandise,” nor the words “other articles and things whatsoever” as used in the ordinance ought to be construed to include newspapers. The learned judge below held that newspapers upon the shelves or tables of a news dealer for sale may be properly regarded as goods, wares and merchandise, and in that conclusion we all concur. As was said in the well-considered case of Smith v. Wilcox, 24 N. Y. 353, a newspaper is the subject of property, and, when it is made the subject of sale in places open for that purpose, it is certainly merchandise. See also Commonwealth v. Osgood, 144 Mass. 362. We cannot agree with the appellant’s counsel that this construction is not in accordance with the common understanding of the meaning of the words; nor do we find anything in the context to warrant a conclusion that the corporate authorities in adopting the ordinance intended to exclude this particular kind of merchandise from its operation. .
The judgment is affirmed.