# New Castle *v.* Cummings, Appellant.

*Sunday law—Summary conviction—Municipalities—Act of May 23, 1889, Art. V., Sec. 3, Cl. 28, P. L. 277—Ordinance—Title of ordinance.*

Under the Act of May 23, 1889, Art. V., Sec. 3, Cl. 28, a city of the third class has authority to enact an ordinance forbidding the sale of fruits, candies and goods, wares and merchandise, on Sunday, and to provide a penalty of twenty-five dollars or imprisonment for thirty days for its violation.

An ordinance entitled "An ordinance prohibiting under penalty the desecration of the Sabbath, or the Lord's day, commonly called Sunday," sufficiently indicates in its title a prohibition in the ordinance of the sale of fruits, candies, goods, wares or merchandise on Sunday.

An information charging the defendant with selling ice cream, soda water, goods, wares and merchandise "on the fourteenth day of July, A. D. 1907, being the Sabbath or the Lord's day commonly called Sunday," sufficiently sets forth a violation of an ordinance prohibiting the sale of fruits, candies, goods, wares and merchandise on the Lord's day or Sabbath, commonly called Sunday. Sales of soda water and ice cream on Sunday are within the meaning of the ordinance, although the soda water and ice cream were served in glasses and plates, and were consumed on the defendant's premises.

Where a judgment is entered against the defendant for such sales "on

July 14, 1907, being the seventh or Lord's day, commonly called "Sunday," the word "seventh" is an obvious error, and may be considered as surplusage.

Argued Feb. 25, 1908. Appeal, No. 143, April T., 1908, by defendant, from order of Q. S. Lawrence Co., June T., 1907, No. 101, sustaining summary conviction in case of City of New Castle v. John Cummings. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Appeal from summary conviction. Before WM. E. PORTER, P. J.

The opinion of the Superior Court states the facts.

*Error assigned* was the order of the court.

*C. H. Akens*, with him *H. A. Wilkinson, John P. Lockhart* and *Jas. A. Chambers*, for appellant.—The serving of ice cream, ice cream soda and soda water as food and drink is not a sale of "articles and things" within the meaning of the ordinance: Com. v. Hufnal, 185 Pa. 376; Philadelphia v. Costello, 17 Pa. Superior Ct. 339; Com. v. Wells, 110 Pa. 463, 467, 468; Bucher v. Com., 103 Pa. 528; Com. v. Carey, 151 Pa. 368.

The act of 1889 supersedes all prior legislation as to the power of the city in respect to desecration of the Sabbath day: Com. v. Macferron, 152 Pa. 244; Harrisburg v. Gas Co., 31 Pa. Superior Ct. 530, 536; Com. v. Lloyd, 2 Pa. Superior Ct. 6, 15; Kolb v. Ref. Episcopal Church, 18 Pa. Superior Ct. 477–481.

The ordinance is in excess of the power delegated to the city and is void: Specht v. Com., 8 Pa. 312; Sparhawk v. Union Passenger Ry. Co., 54 Pa. 401; Com. v. Naylor, 34 Pa. 86; Com. v. Nesbit, 34 Pa. 398; Philadelphia v. Fox, 64 Pa. 169; Baxter's Petition, 12 R. I. 13; Bohmy v. State, 21 Texas App. 597 (2 S. W. Repr. 886); State v. Babcock, 112 Iowa, 250 (83 N. W. Repr. 908).

The title of the ordinance does not fairly give notice of a purpose to prohibit the serving of food and drink on the Sabbath day.

It is not alleged in the complaint nor found in the judgment that the acts of the defendant were not within the statutory exception, nor that they were not within the exception in the ordinance: United States v. Cook, 84 U. S. 168; Com. v. Diffenbaugh, 19 Lanc. Law Review, 19; Com. v. Nagle, 19 Lanc. Law Review, 172; Miller v. Com., 24 Pa. C. C. Rep. 513; Sackville v. Com., 24 Pa. C. C. Rep. 565; Paizer v. Com., 4 Kulp, 286.

The judgment is too uncertain and indefinite to stand as the ground for a conviction and sentence: Com. v. Ayers, 17 Pa. Superior Ct. 352; Albrecht v. Lane, 9 W. N. C. 377; Willems v. Com., 12 W. N. C. 471; Stewart v. Com., 10 Watts, 306; Com. v. Borden, 61 Pa. 272; Com. v. Gelbert, 170 Pa. 426; Com. v. Matthews, 152 Pa. 166.

*James A. Gardner,* for appellee.

OPINION BY PORTER, J., July 15, 1908:

The defendant appeals from his summary conviction under an ordinance of the city of New Castle, the title and material provisions of which are as follows: "An ordinance prohibiting under penalty the desecration of the Sabbath or Lord's Day, commonly called Sunday. Section 1. Be it ordained &c. . . . That it shall be unlawful for any person or persons to keep open any store, room or place, or maintain any stand for the purpose of selling therein or thereat any fruits, candies, goods, wares, merchandise, or other articles and things whatsoever, or to sell any of the aforesaid in any such store, room, or place, or at any such stand, or at or in any other place within said city on the Lord's Day or Sabbath, commonly called Sunday; but this provision shall not apply to keeping open any room or place for the purpose of selling or to the sale of any necessary medical or surgical supplies, milk and such necessaries of life, and other articles and things as are or may be necessary in works or matters of necessity, mercy and charity. Section 2. Any person violating the foregoing section, shall upon conviction, pay a fine of not less than ten dollars and not more than twenty-five dollars for each and

every violation of said section; and one conviction and one sentence shall not be a bar to other convictions for. other violations done and committed on the same day. In default of the payment of the fine and costs, the person convicted may be sentenced to the county prison not exceeding thirty days or to work on the streets, in the discretion of the convicting magistrate."

The information before the mayor of the city charged that: "On the 14th day of July, A. D. 1907, being the Sabbath or the Lord's Day, commonly called Sunday, at and in the said City of New Castle, county aforesaid, that John Cummings did unlawfully in violation of the hereinafter mentioned ordinance of the said city, keep open his room and place of business on Washington street (New Castle Sugar Bowl), in said city for the purpose of selling therein and thereat goods, wares, merchandise and other articles and things whatsoever, to wit: ice cream, soda water, goods, wares, and merchandise and other articles and things, and he, the said John Cummings did then and there unlawfully, in violation of the said ordinance, in the said room or place, sell certain goods, wares, merchandise, and other articles and things, viz.: certain ice cream, soda water, goods, wares, and merchandise and other articles and things, did then and there sell, he, the said John Cummings receiving money in payment for the ice cream, soda water, goods, wares, and merchandise so sold as aforesaid, and he the said John Cummings at the time and place aforesaid, was following the business of selling ice cream, soda water, goods, wares and merchandise, and that on the day and date aforesaid at the place aforesaid in violation of said ordinance did sell divers ice cream, soda water, goods, wares, and merchandise to divers persons for gain, all in violation of that certain .ordinance of said city, entitled, 'An ordinance prohibiting under penalty the desecration of the Sabbath or Lord's Day commonly called Sunday,' etc.

Having been convicted before the mayor of the city, an appeal was allowed by the court of quarter sessions. The learned judge of the court below, after a hearing, entered the following judgment: Now, November 11, 1907, the defendant, John

Cummings, is found guilty of keeping open in the city of New Castle, a store, room or place for the purpose of selling therein or thereat, goods, wares, and merchandise, viz: soft drinks, such as soda water with fruit juices and flavors and ice cream therein, and ice cream on July 14, 1907, being the seventh or Lord's Day, commonly called Sunday, and did, in the city of New Castle, on said July 14, 1907, being the seventh or Lord's Day, commonly called Sunday, sell in said store, room or place, goods, wares, and merchandise, viz.: soft drinks, being soda water with fruit juices and flavors and ice cream therein, and ice cream, in violation of that certain ordinance of the city of New Castle entitled, "An ordinance prohibiting under penalty the desecration of the Sabbath or Lord's Day, commonly called Sunday, &c. . . ." And the said defendant, John Cummings, is sentenced to pay a penalty in the sum of $25.00 and costs: and in case said penalty and costs are not paid within five days from this date the said John Cummings is to be committed to the county jail or prison for and during the term of twenty days, to be computed from the first day of his imprisonment.

The appellant attacks the validity of the ordinance on two grounds: First, that the city was without authority to enact it, and, second, that the title is insufficient. The act of May 23, 1889, art. V, sec. 3, clause 28, P. L. 277 authorizes cities of the third class, to enact ordinances, among others: "To restrain, prohibit and suppress . . . . desecration of the Sabbath Day commonly called Sunday." The same statute, in clause 20 of the same section, authorizes such cities to enact ordinances "to impose fines, forfeitures and penalties for the violation of any ordinance, and provide for the recovery and collection of the same; and in default of payment to provide for confinement in the city or county prison, or at hard labor upon the streets or elsewhere, for the benefit of the city." This was a grant of police power to the municipalities to enable them to maintain order within their limits, and the grant of the power to restrain and prohibit desecration of Sunday was, in order to make it effective, accompanied by the grant of the power, by the twentieth clause of the section, to impose fines and

penalties for violation of the prohibition, and the forty-sixth clause of the same section of the statute fixed the limit of such fines at "not exceeding $100 for any one offense," with the alternative of imprisonment "not exceeding 30 days" in case of failure to pay. The statute, therefore, authorizes cities of the third class to prohibit desecrations of Sunday and to impose a fine, for violation of said prohibition, not exceeding $100 for any one offense, with the alternative of imprisonment not exceeding thirty days. It is not necessary, in this case, to determine whether the cities have power to declare any act to be a desecration of Sunday which was not by the law of the commonwealth recognized to be such at the time this statute was enacted. The ordinance of the city of New Castle does not prohibit the performance of any act on Sunday which had not already been forbidden to be done on that day by the Act of April 22, 1794, 3 Smith's Laws, 177. This ordinance refers only to the business of merchandising, excepts works of necessity and charity, and does not apply to the dressing of victuals in private families, inns and other houses of entertainment for the use of sojourners, travelers or strangers, nor to any of the occupations falling within the proviso of the act of 1794; it makes no attempt to declare that unlawful which might lawfully be done on Sunday prior to its passage. The provision of the second section that, "One conviction and sentence shall not be a bar to other convictions for other violations done and committed on the same day," is distinct and separable from the other provisions of the ordinance, and even if that provision should be held to be invalid the other portions of the ordinance may still stand without it. This defendant has not been convicted of two offenses committed on the same day, and it will be time enough to pass upon that question when such a case is presented. The city of New Castle was authorized to pass an ordinance forbidding the carrying on of business on Sunday in the manner prohibited by this ordinance, and imposing a fine for the violation of the prohibition in the amount fixed by this ordinance.

The ordinance related to but one subject, the regulation of the conduct of persons within the municipality on Sunday.

The title contained full and express notice to all persons that the ordinance dealt with the conduct of persons within the municipality on Sunday and that it imposed a penalty for violation of its provisions. The subject was not a new one to the legislation of the commonwealth, and no person who read that title could have failed to understand that the ordinance regulated the manner in which business could be carried on and occupations be exercised within the municipality on Sunday. The nature of the subject of the legislation, as expressed in the title, was such as to indicate that all business and occupations to be carried on within the municipality on Sunday were affected by the ordinance, all the provisions of the ordinance are germane to the single subject with which it dealt and the title was, therefore, sufficient: Sugar Notch Borough, 192 Pa. 349, and see opinion of President Judge RICE in Weiss v. Swift, ante, p. 376, recently decided by this court. The objections of the appellant to the ordinance and the title thereof are not well founded.

The information against the appellant set forth in detail sufficient facts to show that the offense charged came within the provisions of the ordinance and that it was not within the exception or proviso of either the ordinance or the act of 1794. It averred all the substantial and jurisdictional facts necessary to constitute the offense, and that was all that was required: Commonwealth v. Borden, 61 Pa. 272; Commonwealth v. Gelbert, 170 Pa. 426. The defendant having appealed from the judgment of the mayor of the city and gone to trial in the court of quarter sessions, must be deemed to have waived any defects in the information which were not substantial and jurisdictional: Paizer v. Commonwealth, 4 Kulp, 286. The evidence established beyond question that the defendant kept a store, which he called the "Sugar Bowl," at which he sold fruits, candies, tobacco, cigars, ice cream, soda water and other articles. On the Sunday in question this store was open, the evidence clearly established and the defendant admitted that he sold soda water and ice cream, thirty or forty gallons of the latter. He testified that he did not feed people at his place, nor furnish them with sandwiches or anything like that.

He contends that the sales of soda water and ice cream were not sales within the meaning of the ordinance, for the reason that he furnished the soda water in glasses and that it was drunk at the counter in his store and that he furnished the ice cream on plates and that it was eaten by his customers at the counter or at tables which he provided for that purpose. This is a refinement which the law cannot recognize; the goods were the property of this defendant, the business which he carried on resulted in the transfer of the title and the possession, for a valuable consideration, to other parties; this was a sale, no matter whether the purchasers consumed the ice cream and soda water on the premises of the defendant, threw it into the street or carried it elsewhere. This was a violation of the ordinance as well as of the act of 1794: Splane v. Commonwealth, 12 Atl. Repr. 431; 11 Centr. Repr. 168; Burry's Appeal, 1 Monaghan, 89; New Castle City v. Treadwell, 35 Pa. Superior Ct. 30; Omit v. Commonwealth, 21 Pa. 426.

The judgment entered by the court below found the defendant guilty of keeping open a store for the purpose of selling therein goods, wares and merchandise, viz.: soft drinks, such as soda water with fruit juices and ice cream therein, and ice cream, "on July 14th, 1907, being the seventh or Lord's Day, commonly called Sunday, and did, in the City of New Castle, on said July 14th, 1907, being the seventh or Lord's Day, commonly called Sunday, sell in said store, room or place, goods, wares and merchandise, viz.: soft drinks, being soda water with fruit juices and flavors and ice cream therein, and also ice cream, in violation of that certain ordinance," etc. The judgment entered, includes all the substantial and jurisdictional facts necessary to constitute the offense, and shows upon its face that the acts of the defendant did not come within the exception of the ordinance. The finding that the offense was committed "on July 14th, 1907, being the seventh or Lord's Day, commonly called Sunday," indicates great carelessness upon the part of the learned judge in signing his decree, for the word seventh should have no place in the finding. It will be observed that the finding does not state what this word referred to, whether it was the seventh day of the

week, the month or the year. It is simply a word out of place. If the court had simply found that the offense was committed on July 14, 1907, that finding would not have been sufficient, but the court did find that the offense was committed "on July 14, being the . . . . Lord's Day, commonly called Sunday." The court having thus specifically found that the offense was committed on Sunday, July 14, 1907, we may have recourse to the calendar, and that shows that July 14, 1907, was a Sunday. The word "seventh" in the finding, is, therefore, clearly surplusage, and may be disregarded.

The judgment is affirmed and the record remitted for execution.