## Commonwealth ex rel. v. Hudson.

*Justice of the peace—Summary proceeding—Record—Ordinance—Motor-vehicle—Disregard of signal.*

1. On a *certiorari* to a summary conviction for violation of a city ordinance relating to the motor-vehicle traffic, the record of the justice must contain the entire ordinance or so much of it as relates to and prohibits the acts of which the defendant was convicted, and also set out the penalty which may be imposed therefor.

2. The record must also show a finding that a special act was committed by defendant, so defined as to show that it falls within the prohibition of the law.

3. Where the record merely states that "defendant was brought up, and after hearing was found guilty," the proceedings will be reversed.

*Certiorari.* Q. S. Schuylkill Co., May Sess., 1924, No. 401.

*George H. Kaercher*, for defendant.

KOCH, J.—The relator laid information before the alderman that the defendant disregarded a signal of the traffic officer at the intersection of Centre and Norwegian Streets, in the City of Pottsville, contrary to section 13 of the City Ordinance passed Aug. 6, 1912. The alderman adjudged the defendant guilty and imposed a fine of $5 and the costs. The defendant's exceptions to the record, as returned by the alderman, are nine in number, reference to only a few of which will be made, as follows:

"1. The record does not disclose the terms of the ordinance which the defendant is accused of violating.

"5. The record does not show that the prosecutor or any witnesses were sworn and testified.

"7. The record does not disclose the substance or the evidence upon the essential ingredients of the offence charged."

In Hanover Borough v. O'Bold, 11 York Leg. Record, 131, there was a summary conviction for violating a borough ordinance relating to cesspools.

The case was reversed, the court saying: "The record does not contain the ordinance nor the substance of it. It is not in evidence and not before the court. Manifestly, without it, the record is not self-sustaining, and the court cannot say whether the ordinance has been violated or not. Without considering other exceptions, this one is sufficient to reverse." In Com. ex rel. Hanlon *v.* Hill, 12 Pa. C. C. Reps. 559, the Mayor of McKeesport, before whom the conviction was had, failed to set out the ordinance or part of the ordinance, and the court said: "A reference to the ordinance by title is not sufficient. We must have the whole ordinance, or at least so much of it as relates to and prohibits the acts of which the defendant is convicted, and also set out the penalty which may be imposed therefor. Otherwise, no court can determine whether the defendant has been properly convicted and sentenced or not." In Ridley Park Borough *v.* Chester, Darby & Philadelphia Ry. Co., 24 Pa. C. C. Reps. 3, Johnson, P. J., said: "The failure of the justice to set out the ordinance, or the substance of it, is fatal. In a suit for a penalty for the violation of a borough ordinance this must be done." Com. ex rel. Staptrok *v.* City of Allentown, 29 Dist. R. 584, is to the same effect. "It is essential that a summary conviction shall contain a finding that a special act has been performed by the defendant, and that it shall describe it, or define it, in such a way as to individuate it and show that it falls within an unlawful class of acts. When the record contains no definite facts, but only a legal conclusion from unrecorded facts, a superior court cannot, without compelling a return of the evidence or taking testimony of what it was, decide whether the legal conclusion—that is, the conviction of the offence—be right or wrong. In such cases, it usually reverses the conviction because no act appears upon it that justifies the judgment:" Com. *v.* Nesbit, 34 Pa. 398. See, also, Com. *v.* Davison, 11 Pa. Superior Ct. 130.

In a summary conviction, the essential parts or particular substance of the whole testimony should be set forth: Com. *v.* Borden, 61 Pa. 272, 276. All that we find in this record is that "defendant was brought up and, after hearing, was found guilty."

And now, July 28, 1924, the proceedings are reversed.

From M. M. Burke, Shenandoah, Pa.