## Commonwealth v. Horrocks.

*Motor-vehicle laws — Violation — Complaint—Copy of charge—Failure to give—Waiver of rights—Act of June 30, 1919, P. L. 678.*

One who is arrested on sight for violation of the Motor Vehicle Law is entitled to be discharged where no formal complaint is made nor affidavit filed setting forth the offence charged, nor a copy furnished defendant as required by law, and the fact that defendant enters bail for trial in the Quarter Sessions is not a waiver of the irregularity.

Violation of motor-vehicle laws.  Q. S. Phila. Co., May Sess., 1927.

*John H. Maurer,* Assistant District Attorney, for Commonwealth.

*Todd Daniel,* for defendant.

SHULL, P. J., 43rd judicial district, specially presiding, July 26, 1927.—The question presented to the court in this matter is the effect of entry of bond for appearance at court by one arrested upon sight for alleged violation of the Motor Vehicle Act of June 30, 1919, P. L. 678, where the arresting officer did not make and file a formal complaint nor make and file an affidavit setting forth in detail the offence complained of, nor, consequently, was any copy served on or furnished to the defendant, as required by the said act of assembly.

It is urged by the Commonwealth that entry of bail for trial in the Court of Quarter Sessions is a waiver of the requirement of section 31 of said act, relating to making and filing of an affidavit setting forth the offence.

With this contention we do not agree.  While the entry of bail may cure defects in service of process or the manner of an arrest, we cannot conceive how it could cure or be construed to waive the lodging of a definite charge of violation of some provision of the law.  While the Act of 1919, section 31, specifically gives to certain officers the right to arrest upon view, the right accrues only upon some violation of the provisions of the statute, and the legislature, recognizing that one may be called to account for a misdemeanor only after a definite charge is lodged, and be called upon to defend only after notice of the particular charge, placed upon the arresting officer the duty of *forthwith* making an affidavit setting forth in detail the charge, and, further, the duty of *filing the same* and furnishing a copy to the person charged.

Under no circumstances may one be called on to defend without notice of the offence with which he stands charged: Com. *v.* Borden, 61 Pa. 272; Com. *v.* Gilbert, 170 Pa. 426.

Until there has been filed an affidavit setting forth in detail the offence complained of, there is nothing before a mayor, burgess, magistrate, alderman or justice of the peace before whom one arrested upon sight may be taken which would give such officer the right to hold to bail, either for an appearance at a hearing or for an appearance in court, and until such affidavit is made, as required by the 31st section of the Act of Assembly of June 30, 1919, P. L. 678, it is the duty of the mayor, burgess, magistrate, alderman or justice of the peace before whom he is taken to discharge him.  That the magistrate exceeded his authority in this case by requiring and taking bail from one not definitely charged with any violation of the law could not be held against the defendant as a waiver of his right to notice of the offence with which he is charged, for, whether he is tried before a magistrate or in the Court of Quarter Sessions, such trial may be had only on a definite charge of violation of law made prior to the time of trial, of which the defendant must have notice.

Commonwealth v. Horrocks.

The fact that he entered bail to appear in court could not in any wise affect this. Individuals may not be arrested and dragged before a magistrate or into court except for violations of the law, and when arrested, if by warrant, it must be based on a definite complaint previously made, and if upon sight, under the provisions of the act under discussion or similar ones, then, before any step may be taken by the officer having the right or duty under the law to try such offence as to hearing or holding to bail, there must be made and filed either a formal complaint on which a warrant would issue or an affidavit setting forth in detail the offence with which the person is charged, as provided by the act of assembly; otherwise, such proceedings are a mere nullity, and proceedings before a mayor, burgess, magistrate, alderman or justice of the peace without such complaint or affidavit having first been made and filed are without warrant of law.

The defendant in this case entered bail to come before the court. There was no definite charge lodged against him, as required by the act of assembly under which the prosecution was alleged by the Commonwealth to have been brought, and, therefore, there was nothing that could legally be heard by the court. The defendant is, therefore, discharged.