## Commonwealth v. Douglas

*McGill & McGill*, for defendant.

McCRACKEN, P. J., January 10, 1938. — Defendant was charged with a violation of the provisions of the motor code in an information which reads in the charging portion as follows: "did unlawfully operate a Motor Vehicle bearing Penna. 1937 Reg. #VL340 upon Front St., a Public Highway in Rocky Grove, Venango County, Penna., and did operate said vehicle carelessly and wilfully or wantonly disregarding the rights or safety of others and in a manner so as to endanger any person or property and did run into and damage a car legally operated by the complainant."

Evidently this information is drawn under article X, sec. 1001, of The Vehicle Code of May 1, 1929, P. L. 905, which reads as follows: "Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following:

"(a) Any person who drives any vehicle upon a highway carelessly and wilfully, or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

An analysis of this section discloses that while only one offense is defined it consists of several parts, each one of which is a separate and distinct offense. One consists of driving "any vehicle upon a highway carelessly and wilfully". Carelessly is defined to mean heedlessly or negligently. Wilfully means an attitude of mind or will, governed by the will. The term denotes an intention, whereas carelessly indicates a lack of intention or an indifference. Another violation designated by the statute cited above consists of "wantonly disregarding the rights or safety of others". Wantonly designates a heartless state or attitude of mind, a disregard of consequences. It is that state of mind, which, though conscious of the acts being done, is unmindful of the results. It denotes a hardness of heart and an abandonment of duty and obligation as well as of responsibility. Wanton is a much stronger term than wilful. Again it is declared to be an offense to

drive any vehicle "in a manner so as to endanger any person or property."

We have here at least three defined offenses, any one of which is "reckless driving." There is nothing in the information to specify the particular act or acts committed by defendant and which are classified as offenses. The act under discussion is one of many wise and proper regulations of the use of the highways by motor and other vehicles. We are fully cognizant of the fact that prosecution of those violating these regulations is necessary in order that lives and property upon the highways may be safe. Necessarily, a larger part of these violations is heard and disposed of by summary proceedings before the members of the minor judiciary. It is well known that these officials are not versed in legal technicalities and phraseology. A certain liberality must be allowed in examining their official acts. One cannot draw too fine sights when disposing of questions having to do with the manner in which they discharge their duties. On the other hand we must keep in mind that this proceeding is penal and the act under which it was instituted must be strictly construed. A defendant has the right to know, by the charge laid against him, in what respect he has trangressed the law. How can the defendant in the instant case know the exact violation he has committed? He might be convicted of any one of three offenses or of all three. A conviction might not be a bar to another prosecution for the same transgression.

While a greater laxity in criminal procedure in summary matters is now permitted than in former times, it is the duty of the courts still to insist that the rights of defendants be safeguarded and that no invasion thereof be allowed.

"The power of justices of the peace in summary convictions is viewed with some strictness by English writers, as being in derogation of the trial by jury. . . . Therefore . . . it must appear that he hath strictly pursued that power, otherwise the common law will break in

upon and level all his proceedings. In this state recent cases exhibited less jealousy of it, though an entire relaxation of form is not justified. . . . It does not seem, however, that any of the essentials of a summary conviction have been yielded. . . .

"Without indulging a criticism too refined upon the form of the proceeding, or requiring too much nicety to support a conviction, we think these substantive requisites should appear in each case": Commonwealth v. Borden, 61 Pa. 272, 275.

It is apparent that the record in this case is not in conformity with the established requirements and we, therefore, make the following order:

And now, January 10, 1938, defendant's motion to quash the information is granted, the case dismissed, and the defendant discharged.