## Reade v. Mattiuz, Burgess

Before McCann, P. J., McKenrick and Griffith, JJ.

*George L. Reade* and *R. Meade Stineman*, for plaintiff.

*Davis & Davis*, for defendant.

GRIFFITH, J., August 31, 1953.—The matter before us is plaintiff's motion for summary judgment in an action of mandamus under Pa. R. C. P. 1098. The motion for summary judgment must be denied.

The complaint in mandamus sets forth that on March 16, 1953, plaintiff found fastened to his automobile a notice of a violation of ordinance no. 182 of the Borough of Ebensburg which prohibits parking between the hours of 3 a.m. and 6 a.m. between May 1st and Novem-

ber 1st of each year; such notice contained no advice that he should appear before a certain date or pay a fine. On *April 16, 1953*, he received a notice by mail dated April 15, 1953, advising him that he should remit a fine of $2.50 or appear at the borough office on or before April 25, 1953, or a warrant would be issued for his arrest. This notice was signed by defendant as Burgess of the Borough of Ebensburg. On April 24, 1953, plaintiff, believing he had that right under The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §1 et seq., gave notice to defendant that he waived a summary hearing and posted bond in the sum of $5, that being double the amount of the fine, there being no costs assessed, for a hearing before the court of quarter sessions. Plaintiff received a receipt for the sum of $5 thus deposited, signed by the borough secretary and marked "for bond on notice of appeal from fine for violation of Borough Ordinance No. 182". Complaint further alleges that borough ordinance no. 182 is void for the reason that notices were not properly posted on the streets by the borough giving notice of the ordinance as required by section 1106 of The Vehicle Code, 75 PS §682; that although section 1204 of The Vehicle Code, 75 PS §734(*b*), requires the magistrate to return the information to the court of quarter sessions within 15 days upon the posting of a bond in double the amount of the fine and costs, defendant has neglected to make such return; that on July 3, 1953, plaintiff received from defendant a letter returning to him the sum of $2.50, or one half the amount of the bond which he posted, and advising him that the balance was being retained as a fine for violation of borough ordinance 182. In this letter, plaintiff was advised that this action was taken "since you have not taken the opportunity to present yourself either before me or the borough solicitor for a hearing", and that plaintiff promptly returned the check of the

Borough of Ebensburg. The complaint asks that summary judgment be entered against defendant requiring him to return the information made against plaintiff to the Court of Quarter Sessions of Cambria County.

Section 1212 of The Vehicle Code of 1929, 75 PS §742, provides in part as follows:

"(b) Prosecutions brought under any local ordinance, rule, regulation, or for common law offenses, which are based on a violation for which there is a specific penalty provided in this act, shall be deemed and considered as having been brought under this act, . . ."

Subsection (c) of the same section provides that the municipal authorities may "on a matter concerning which authority is expressly delegated to said authorities by this act . . . impose a fine of not more than fifty dollars to be collected by summary conviction, before any magistrate, as fines and penalties are now by law collected".

The power to "regulate or prohibit parking" is expressly delegated to local authorities by section 1103 of The Vehicle Code of 1929, 75 PS §663(a). Section 1212 of The Vehicle Code, supra, further provides under subsection (c) "that any person accused of violating a local ordinance, rule or regulation, enforced under the authority of this act, may waive summary hearing and give bond, in a sum equal to double the amount of the maximum fine and costs, that might be imposed, for appearance for trial before a judge of the court of quarter sessions . . .".

As we view the matter, the violations of the local ordinances "enforced under the authority of this act" are the prosecutions referred to under section 1212, subsection (b), which are prosecutions brought under a local ordinance for offenses which are based on a violation for which there is a specific penalty provided

for in The Vehicle Code and not prosecutions brought under subsection (c) for offenses concerning which authority is expressly delegated to the local authorities by The Vehicle Code. Hence, the prosecution against defendant for the violation of a borough parking ordinance was not a prosecution "enforced under the authority of this act", but "a matter concerning which authority is expressly delegated to said [local] authorities for which the procedure remains" by summary conviction before any magistrate, "as fines and penalties are now by law collected". This is the interpretation placed upon the act by Commonwealth v. Bielski, 82 Pitts. L. J. 78, and Commonwealth v. Hess, 43 D. & C. 353.

"For enforcement of municipal parking regulations, though having as its source of authority Section 1212 of the Code, is effected under the general rules and regulations of criminal procedure and not under the rules set forth in the Code": 12 Un. of Pitts. L. R. 398.

We are satisfied that we must deny plaintiff's motion for summary judgment in the mandamus action.

Before entering our decree, however, we believe some comment may be called for in regard to plaintiff's right to further relief. The requisities of a proper summary conviction before a magistrate were set forth in Commonwealth v. Borden, 61 Pa. 272, 275, as follows:

"There must be an information or charge against the person, then he must be summoned or have notice of such charge and have an opportunity to make his defense; and the evidence against him must be such as the common law approves of, unless the statute expressly directs otherwise; then if the person is found guilty there must be a conviction, judgment and execution, all according to the course of the common law, directed and influenced by the special authority given by the statute; and in conclusion there must be a record

of the whole proceedings, wherein the justice must set forth the particular manner and circumstances, so as if he be called to account for the same by a superior court it may appear that he has conformed to the law, and not exceeded the bounds prescribed to his jurisdiction. All this is reasonable, and seems to be as necessary to bound arbitrary power, and prevent oppression and injustice to the citizen of a republic, as to the subject of a crown."

From the matters alleged in the complaint it would appear that plaintiff was charged with having violated the parking ordinance of the borough on March 15, 1953. Aside from a tag placed on his automobile which was not a summons to appear, he was first notified of the offense on April 16, 1953, or one month later. Within a few days thereafter plaintiff called at the borough office, notified the burgess that he waived a summary hearing and posted a bond in the sum of $5, being double the amount of the fine, for a hearing before the court of quarter sessions. He received a receipt signed by the borough secretary acknowledging that the sum of $5 had been deposited as bond. Nothing further was heard by plaintiff in regard to this matter until July 3, 1953, when he received a letter returning him one half of the amount deposited as bond and advising him that the borough was retaining the balance as a fine. As we have indicated, we believe plaintiff was in error in assuming that he had the right under The Vehicle Code of 1929 to waive summary hearing and give bond for court. However, the magistrate apparently acquiesced in this procedure and took no action for more than two months. At this juncture, if the magistrate had satisfied himself that plaintiff had no right to waive a hearing and give bond for court, he should have notified plaintiff of his intention of holding a hearing on a day certain at which plaintiff would have an opportunity of appearing and confronting such

witnesses as might be called against him and of present-
ing his defense. No opportunity was given plaintiff
to make his defense and it would appear from defend-
ant's letter of July 2, 1953, that there was no hearing
or conviction. Under the circumstances in this case, a
petition to the court of common pleas for a certiorari
of the record or to the court of quarter sessions for an
appeal nunc pro tunc, or perhaps both, would be ap-
proved. Usually appeals nunc pro tunc from summary
convictions will not be granted and consequently it is
useless to present a petition for an appeal from a
summary conviction more than 5 (now 10—Act of
June 3, 1953 No. 47) days after conviction. However,
we believe that the present case falls within that class
of cases referred to by the Supreme Court in Nixon v.
Nixon, 329 Pa. 256, 260, where the court said:

"Where a party has been prevented from appealing
by fraud or by the ignorant or negligent act of a court
official, it has been held that the court has power to
extend the time for taking an appeal. Numerous cases
involving appeals from justices of the peace have held
that, if the delay in appealing is due to some act or
omission of the justices themselves, an appeal may be
allowed nunc pro tunc, provided it is prosecuted within
a reasonable time."

In this case we believe that plaintiff acted within
a reasonable time after receiving defendant's letter
on July 3, 1953, inasmuch as he instituted his action
of mandamus on July 9, 1953. Consequently, if plain-
tiff presents his petitions for certiorari or for appeal
nunc pro tunc, or both, they will be given favorable
consideration.

We, therefore, enter the following

*Decree*

And now, August 31, 1953, at 11:45 a.m. (D. S. T.),
after due consideration, it is hereby ordered and de-

creed that plaintiff's motion for summary judgment in mandamus be denied.