278

Commonwealth *v.* Boylan.

Argued September 3, 1959. Before Jones, C. J., Jones and McBride, JJ.

*Norvin Nathan,* for petitioner.

*Earl B. Dougherty,* respondent, in propria persona.

*Frank P. Lawley, Jr.,* Deputy Attorney General, with him *Harry J. Rubin,* and *Anne X. Alpern,* Attorney General, for Commonwealth.

Opinion Per Curiam, September 3, 1959:

The members of the Court who sat for the argument of the rule issued on July 29, 1959, in the above entitled matter, calling upon Earl B. Dougherty, Justice of the Peace of Bristol Township, Bucks County, Pennsylvania, to show cause, if any he has, why a writ of prohibition should not issue restraining and preventing him from making convictions on view of persons charged by him with alleged violations of Section 699.4 of the Act of June 24, 1939, P. L. 872, which proscribes

worldly employment or business on Sunday, are unanimously of the opinion that said Earl B. Dougherty's conviction on view of the defendant above named for performing the duties of her gainful employment on Sunday, July 26, 1959, and all other like convictions on view by said Earl B. Dougherty, of other persons for similar alleged offenses, were without warrant of law, illegal and void. The statutory provision above cited provides that a conviction for a violation thereof shall be had in a summary proceeding which, according to law, requires that there be an information against the person accused, notice thereof, opportunity to defend, and a hearing: see *Commonwealth v. Borden,* 61 Pa. 272, 275-276.

It is accordingly ordered that a writ of prohibition issue requiring and directing said Earl B. Dougherty, Justice of the Peace of Bristol Township, Bucks County, Pennsylvania, to cease and desist forthwith and henceforth from assuming to convict on view alleged violators of Section 699.4 of the Act of 1939, supra, and from attempting to enforce in any way his so-called "conviction orders" heretofore entered on view for alleged violations of the cited statutory provisions.