## Commonwealth v. Schlegel

*John Deutsch*, District Attorney, for Commonwealth.

*W. Hamlin Neely*, for defendant.

HEIMBACH, P. J., June 20, 1968.—Defendant above named was charged by a member of the Pennsylvania State Police with speeding on a public highway in the borough of Parryville, Carbon County, Pa. The alleged offense occurred on Sunday, January 28, 1968. The information charging such offense was dated Feb-

ruary 4, 1968. Defendant waived preliminary hearing and the matter is now before us.

We took testimony on the merits, subject to defendant's motion to quash the information because the location of the offense in the borough of Parryville was not particularly specified.

Subsequent to the hearing, but prior to adjudication, defendant filed an additional reason for quashing the information, viz.:

"That the information was signed and filed on a Sunday for an offense occuring on a prior date".

Defendant's first reason is without merit. Our reasons in support of this conclusion are fully set forth in our opinion in the unreported case of Commonwealth v. Franklin H. Costenbader filed in the Court of Quarter Sessions to January sessions, 1961, no. 8. We there held an information was sufficient if the offense was laid within the jurisdiction of the magistrate.

Thus, the question before us is whether an information signed and sworn to on Sunday makes all subsequent proceedings illegal and a nullity.

This is not an arrest on view, as provided in section 1214 of The Vehicle Code, of April 29, 1959, P. L. 58, 75 PS §1214. Under such section, arrests may be made on Sunday and an information properly may be signed and sworn to on the same day. The present proceeding is brought under section 1202(a) of the code, providing for the filing of an information and for notice of such filing being given to those charged with a violation by registered mail.

Our own research, as well as that of counsel, has failed to discover any appellate decision in aid of answering the question before us. Without exception, as far as we have been able to determine, those lower courts that have passed upon the question, whether it arose on certiorari, appeal or waiver, have unani-

mously held the signing of an information on a Sunday is void and any subsequent proceeding is a nullity: Commonwealth v. DePietro, 89 D. & C. 113; Commonwealth v. D'Ambrosio, 16 D. & C. 2d 485, and Commonwealth v. Cunningham, 30 D. & C. 2d 148, where the question arose on certiorari; Commonwealth v. Heyman, 1 D. & C. 2d 580, where the question arose on an appeal from the justice of the peace; and Commonwealth v. Weaver, 30 D. & C. 2d 631, where the question arose on waiver of a preliminary hearing. We disagree with those courts that have concluded the Act of 1705, 1 Sm. L. 25, sec. 4, 44 PS §1, which provides: "No person or persons, upon the first day of the week, shall serve or execute, or cause to be served or executed, any writ, precept, warrant, order, judgment or decree, except in case of treason, felony or breach of the peace; but the serving of any such writ, precept, warrant, order, judgment or decree shall be void, . . ." includes the filing of an information.

The rationale of its applicability is expressed by Judge Laub in Commonwealth v. Cunningham, supra, at page 150, as follows:

". . . No warrant of arrest can issue without probable cause and a previous affidavit describing the person to be seized (Constitution, art. 1, sec. 8), and therefore, an information or complaint in a criminal case is solidly fused by the Constitution to the warrant itself. A warrant cannot be issued without an information and this makes the two instruments a unit insofar as this case is concerned. It seems obvious, therefore, that the statute forbidding the issuance of a warrant on Sunday must also forbid the taking of an information in support thereof on such a day. . . ."

We recognize the eminence of Judge Laub, but we do not share the view that such Act of 1705 has any applicability whatsoever. The wording seems clear that the statute in itself does not prohibit any pro-

ceedings preliminary to the "serving or executing or causing to be served or executed any warrant", etc., and only makes void the act of serving such warrant, etc., after its issuance.

We do, however, share the view likewise expressed in some of these cases that, under the common law, the performance of a judicial act on Sunday is forbidden and any such act is void. The general rule is stated in 50 Am. Jur. 858, as follows:

"While anciently courts of justice sat on Sunday, it has long been the rule at common law, expressed by the Latin phrase Dies Dominicus non est dies juridicus, that judicial proceedings cannot be held or judicial acts performed on Sunday. While in the absence of statute a ministerial act in connection with judicial proceedings . . . performed on Sunday are valid, it it is the general rule of the common law that all . . . judicial acts performed on that day are void, . . ."

Pennsylvania, of course, is a common law State.

Judge Rubin in Commonwealth v. Bevill, 9 D. & C. 2d 519, at page 522, made this observation:

"Our Pennsylvania statutes indicate Sunday is considered a day non juridicus. The service of writs and decrees, except in the case of treason, felony or breach of the peace (citing statute), and any worldly business or employment, except works of necessity or charity (citing statute), are forbidden on Sunday. Judicial business in civil cases is also prohibited on Sunday. See Stern's Appeal, 64 Pa. 447, 450, where it is stated:

" 'Judicial business in civil cases, done on Sunday, is violative of the rule of the common law and our statutes, which in fact are declarative of the common law. This is sustained by all our decisions on the subject of Sunday, and they need not now be cited more specially' ".

An information is a necessary step in a summary conviction proceeding (Commonwealth v. Borden, 61 Pa. 272, 275), and is required in summary proceedings under The Vehicle Code: section 1202 of The Vehicle Code.

Thus, we are now called upon to decide whether the acceptance and the filing of an information by the magistrate is a judicial or ministerial act.

We find no Pennsylvania appellate authority to guide us. Looking to other jurisdictions: 27 Words and Phrases, "Ministerial Acts," page 371, et seq., the following is typical of the court's expression:

"Official action is 'judicial' where it is result of judgment or discretion, and 'ministerial' when it is imperative, involving merely execution of set task prescribed by law. Dunbar v. Fant, 170 S. E. 460, 465, 170 S. C. 414, 90 A. L. R. 1412".

We hold the act of a magistrate in accepting and lodging an information is a judicial act and, being lodged on Sunday, is void. An exercise of judgment and discretion is involved in determining whether jurisdictional requirements are met and whether an offense is properly charged. Since an information is an essential step in a summary conviction proceeding (Commonwealth v. Borden, supra, and section 1202 of The Vehicle Code), the magistrate never acquired jurisdiction of the subject matter. Since jurisdiction over the subject matter may never be waived (Yentzer v. Taylor Wine Company, Inc., 409 Pa. 338, 342), defendant's motion to quash must be allowed.*

---

* Since the motion to quash is before us on a waiver proceeding and not certiorari, and was made after the close of testimony, we directed the district attorney's office to ascertain whether the date of the signing and lodging of the information as stated therein was in error. We have been informed that neither the prosecutor nor the magistrate are able to show otherwise. We, therefore, find as a fact that the information was signed and filed on Sunday, February 4, 1968.

Wherefore, we enter the following

ORDER

Now, to wit, June 20, 1968, the motion of defendant to quash the information is allowed and the information is quashed and defendant discharged.

The clerk of courts is directed to return to the defendant any sums credited to his account, less poundage.

Costs on the County of Carbon.