## Specht *versus* The Commonwealth.

1. The proceeding authorized by the Act of 14th April, 1851, prohibiting the sale of spirituous, vinous or malt liquors, on the Sabbath-day in the county of Allegheny, is a *criminal* proceeding in the name of the Commonwealth, and judgment is to be for the penalty prescribed; and not an action of debt in the name of an individual suing for the Commonwealth and himself.

2. A writ of *certiorari*, issued in the name of the defendant in the suit, against the Commonwealth, did not direct the removal of the record of the said suit, and the writ was therefore quashed.

CERTIORARI in the name of Valentine Specht v. The Commonwealth of Pennsylvania.

Under this writ there was sent up by the alderman, the record of an action *of debt* in the name of Henry Kirk, who sued as well for the Commonwealth as for himself, *v.* Valentine Specht. The

[Specht *v.* The Commonwealth.]

plaintiff claimed the penalty prescribed by the Act of 14th April, 1851, for selling or retailing spirituous, vinous, or malt liquors on the Sabbath-day, except for medicinal purposes: *Acts of* 1851, p. 548.   The Act provides that the person " duly *convicted* thereof, before any alderman or justice of the peace in and for said county, shall forfeit and pay for every such offence the sum of $50, one moiety of which shall go to the person prosecuting and suing for the same, and the other moiety to the use of the Commonwealth; and in case any person or persons so convicted shall neglect or refuse to pay such fine, and no goods or chattels can be found whereof to levy the same by distress, he or they shall be committed to the county prison for a term of not less than ten nor more than thirty days, at the discretion of the Court."

The alderman, on the 9th January, 1854, rendered judgment against the defendant for the penalty of $50, and the costs of suit.

It was assigned for error: 1. The Act of Assembly of 14th April, 1851, under which this action is brought, is unconstitutional and void; inasmuch as the penalty is more than $20, and it does not give an appeal or trial by jury.

2. The proper mode of proceeding under the Act of 14th April, 1851, has not been pursued, the Act contemplating and directing a summary proceeding in the name of the Commonwealth, and this proceeding being a *qui tam* action for the penalty.

3. If it be a summary conviction, the record is erroneous for the following reasons:—1. Because the proceeding is not in the name of the Commonwealth.   2. Because it does not state the offence.   3. It does not state that the defendant was convicted. 4. It does not adjudge him to pay the penalty according to the terms of the Act.   5. It does not set out the evidence.   6. It does not state that the offence was committed in Allegheny county.

*Cochran*, for plaintiff in error.—The 7th article of the Constitution provides that " in suits at common law, where the value in controversy shall exceed the sum of $20, the right of trial by jury shall be preserved:" 3 *Pa. Rep.* 260–1, Barter *v.* The Commonwealth.

Where an Act of Assembly imposes a penalty and prescribes no rule as to its recovery, the conviction shall be after the form and by the rules of the common law: 2 *Parsons* 265–8; 1 *Ashmead* 410.

The action is under the statute, but the suit is according to the rules of the common law.   The Act does not contemplate a *qui tam* action for the penalty—but a *conviction*.   *Convictions* are on the prosecution of *The State*: 1 *Yeates* 472, Carlisle *v.* Baker.

It ought to have appeared from the record that the defendant

[Specht v. The Commonwealth.]

was convicted of the offence: 3 *Yeates* 478. A conviction is equal to a verdict and judgment; and, where a forfeiture is the penalty of such offence, such judgment must be given: 2 *Burrow* 1166; 3 *Yeates* 477.

It does not appear from the record that the offence was committed in the county of Allegheny: 3 *Yeates* 478, Mayor v. Nell.

PER CURIAM.—This was meant to be a proceeding before an alderman, under the Act of 14th April, 1851, which forbids the sale of liquors on Sunday, and prescribes a penalty of fifty dollars against any one who shall be " duly *convicted* thereof."

It is an action of debt and a judgment—not a criminal proceeding and a conviction. It is brought against the offender in the name of an individual who professes to sue for the Commonwealth as well as for himself. The statute authorizes no such suit, and this record is wrong altogether.

But the writ of *certiorari* is not more regular than the justice's record. It is issued against the Commonwealth, who is no party to the proceeding. The justice was not bound to send up this record, for the writ did not command him to do so, and it is not before us in any legal sense. A *certiorari* against the Commonwealth does not give us jurisdiction to reverse a judgment of Henry Kirk against Valentine Specht. We can do nothing but quash the writ.

Writ quashed.

See postea, p. 131, case of Van Swartow v. Commonwealth.