The School District of the Borough of Duquesne, Appellant *v.* Arthur B. Pitts, George F. Pitts, E. W. Pitts and C. R. Stuckslager.

*Statutes—Act of June 25, 1885, and April 11, 1862—Public officers—Judgment against tax collector and surety.*

Section 11 of the Act of June 25, 1885, P. L. 189, which provides that " the accounts of collectors of taxes shall be settled by the township or borough auditors of the proper township or borough, and he shall state a separate account for each different tax collected by him," does not conflict with or repeal section 13 of the Act of April 11, 1862, P. L. 474, relating to the filing of a certificate and entering a judgment against a tax collector and his sureties.

*Constitutional law—Trial by jury—Act of April 11, 1862.*

The Act of April 11, 1862, P. L. 474, authorizing the filing of a certificate by the directors or controllers of a school district, stating the amount of the tax due and unpaid by the collector, which, being entered on the docket by the prothonotary, shall have the effect of a judgment against the collector and his sureties, does not contravene art. 1, sec. 4, of the constitution providing: " Trial by jury shall be as heretofore, and the right thereof remain inviolate,"—trial by jury not having theretofore existed in such case.

Generally speaking, the legislature may provide any system of settlement or trial without coming in conflict with the provision of the constitution, if trial by jury did not exist in such case theretofore.

Argued Nov. 2, 1897. Appeal, No. 14, Oct. T., 1897, by plaintiff, from order C. P. No. 2, Allegheny Co., July T., 1897, No. 504, making absolute a rule to strike off judgment. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Rule to strike off judgment.

The petition for the rule was as follows:

The petition of Arthur B. Pitts respectfully showeth that he is the duly elected and qualified collector of taxes for the borough of Duquesne, Allegheny county, Pennsylvania; that a statement was filed in the prothonotary's office by the school district of said borough, showing a balance of $4,751.93 due and unpaid by Arthur B. Pitts, and that judgment has been entered upon said statement by the prothonotary for said amount against your petitioner and his bondsmen, and execution is as your petitioner believes likely to be issued upon said judgment; that said statement was filed under the provisions of an Act of Assembly of April 11, 1862, 1 Purdon (12th ed.), page 338; that an injustice has been done him and his bondsmen by the entering of said judgment, and that same was not done in good faith nor in the exercise of a sound discretion on part of the school board of said district; that the entering of said statement and judgment thereon is without warrant of law, the said act of assembly having been altered and repealed by subsequent legislation, and that any such law as the act aforesaid if not repealed is unconstitutional and void; and that as yet the auditors of said borough have not passed upon the accounts of said collector as provided by the Act of Assembly of June 25, 1885, P. L. 189.

Wherefore, your petitioner prays your honors to grant a rule upon the school district of the borough of Duquesne, party plaintiff, to show cause, if any they have, why the judgment entered at above number and term should not be stricken from the record.

The court granted a rule to strike off judgment. which it subsequently made absolute.

*Error assigned* was order making rule absolute.

*Charles B. Payne,* for appellant, cited Com. v. Stambaugh, 164 Pa. 437; Com. v. Titman, 148 Pa. 168; Butler County v. Henry, 3 P. & W. 26.

*Jos. R. McQuaide,* for appellees, cited Brennan's App., 1 Walker, 522.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 3, 1898 :

This appeal is from the decree striking off the judgment against the defendant, Arthur B. Pitts, and his sureties, entered on certificate filed by the plaintiff school district under section 13 of the Act of April 11, 1862, P. L. 474, Purd. 338, pl. 35, which reads as follows :

" The secretary of any board of directors or controllers may, at any time within one year from the delivery of the duplicate of school tax to the collector thereof, file a certificate signed by the president and attested by the secretary, in the office of the prothonotary . . . . stating the amount of said tax due and unpaid by said collector at the date thereof ; and it shall be the duty of the prothonotary to enter the same on his docket : which certificate shall, from such entry, have the same operation and effect as a judgment of said court against said collector and his sureties ; and execution may be issued thereon, in like manner as in judgments, for the amount remaining unpaid at the date of said execution."

As set forth in the defendant's petition, the grounds upon which the court was asked to strike off the judgment were : that an injustice had been done defendant and his bondsmen by entering said judgment, and that the same was not done in good faith, nor in the exercise of a sound discretion on the part of the school board ; that the entry of the judgment " was without warrant of law, the said act of assembly having been altered and repealed by subsequent legislation, and that any such law as the act aforesaid if not repealed, is unconstitutional and void. That as yet the auditors of said borough have not passed upon the accounts of said collector as provided by the Act of June 25, 1885, P. L. 189."

On these vague and indefinite averments, a rule to show cause was granted and afterwards made absolute " without prejudice to plaintiff's right to sue on the collector's bond." In such a case as this, at least a brief opinion should be filed, but it does not appear that this was done, or any reason given by the court below for thus summarily striking off the judgment, depriving plaintiff of its lien on the land of the collector and his sureties, and remitting it to a personal action on the bond. It was not even averred that the amount of the judgment was not due and owing by defendant to plaintiff ; nor was it averred

wherein the plaintiff had not acted "in good faith," or exercised "a sound discretion." The only questions that are even suggested are the invalidity of the judgment and the irregularity of its entry,

If section 13 of the act of 1862, above quoted, was in fact supplied or repealed by subsequent legislation, the action of the common pleas was not improper, but if it was not, the court was in error and the decree should be reversed, and the judgment reinstated. The contention is that it was impliedly repealed by the Act of June 25, 1885, P. L. 187. If that be so, it must be because the two enactments are so totally repugnant that they cannot both stand. Our consideration of the acts discloses no such antagonism. The act of 1885 provides for the annual election of borough and township tax collectors to collect the several county, borough, township, school, poor and other taxes, except that road taxes may be worked out as theretofore. So far, therefore, as the act of 1854, to which the act of 1862 is a supplement, provided for the appointment of a collector of school tax, it has been repealed by the act of 1885. But the last named act does not undertake to provide a complete system for the collection of taxes, different from and independent of the method provided in the act of 1854. On the contrary the act of 1885 recognizes and expressly makes use of the machinery of the act of 1854. In section 4, the several school and other authorities empowered to levy taxes, etc. are required to issue duplicates to the collectors so elected. The school taxes are assessed under the provisions of sections 28, 29, 30 and other sections of the act of 1854. Section 10 of the act of 1885 provides that "exonerations may be made by the authorities and in the same manner as heretofore." The method of exoneration as to school tax is provided in section 31 of the act of 1854. For these and other reasons we think the act of 1885 does not repeal the prior legislation by providing a new and complete system for the collection of taxes, different from and independent of theretofore existing provisions. It has not been shown, nor do we think it can be, wherein the provision in section 13 of the act of 1862, for filing a certificate and entering judgment against the tax collector and his sureties is in conflict with the later enactment. The provision of the act of 1885, which is supposed to be in conflict with section 13, of the

act of 1862, is section 11 which provides: "The accounts of collectors of taxes shall be settled by township or borough auditors, of the proper township or borough, and he shall state a separate account for each different tax collected by him."

There is nothing in this that interferes with the reasonable operation of section 13 of the act of 1862, the primary purpose of which was security and protection of the school district, by means of a lien against the real estate of the collector and his sureties. After the act of 1885, as well as before, exonerations are to be made by the several authorities, and in the same manner as before. As to the execution that may be issued on the judgment against the collector and his sureties, the court will control that, as was done in this case, pending the consideration of any alleged legal or equitable defense. If accounts settled by the auditors show amounts different from those named in the certificate of the school board, the court would not fail to limit the execution accordingly. The acts under consideration taken together, form a complete and harmonious system for the security and collection of the school fund, and present no points of antagonism that will interfere with their proper enforcement.

The further contention that section 13 of the supplement of 1862 is unconstitutional scarcely requires a passing notice. The right to trial by jury is not guaranteed by the constitution in every case. The language of section 6 of article 1 is: "Trial by jury shall be as heretofore and the right thereof remain inviolate." In Moore v. Houston, 3 S. & R. 169, an act providing for fines inflicted for breach of military duty, without right to trial by jury, was adjudged constitutional. So, also, trial of contested elections by the court: Ewing v. Filley, 43 Pa. 384, and summary convictions: Byers v. Com., 42 Pa. 89. See also Rhines v. Clark, 51 Pa. 96; Haines v. Levin, 51 Pa. 412. Generally speaking, the legislature may provide any system of settlement or trial without coming in conflict with the provision of the constitution, if trial by jury did not exist, in such case, theretofore: Van Swartow v. Com., 24 Pa. 131, and cases above cited. This is such a case.

The decree striking off the judgment is reversed and wholly set aside at the costs of the defendants, and said judgment is fully reinstated.