## Commonwealth v. Hoffman.

*School Code—Compulsory attendance—Violation—Justice of the peace—Certiorari—Record—Requisites.*

1. The Court of Common Pleas has jurisdiction by *certiorari* of a judgment of a justice of the peace for violation of the compulsory attendance provisions of the School Code of May 18, 1911, §§ 1414-1423, P. L. 309, notwithstanding that they provide for an appeal to the Quarter Sessions.

2. When the record of a summary conviction does not contain the substance of the testimony, although stating that certain persons, naming them, were called and sworn as witnesses, it is defective, and the judgment will be reversed.

3. In such a proceeding the transcript should show that witnesses established the age of the child, his parentage, the legal residence of the parent within the school district, the service upon the father of the notice required, the absence of the child from school after the expiration of the three-day period, the manitenance by the school district of a day school in which the common English branches are taught in the English language, and such other facts as are required by the School Code.

*Certiorari.* C. P. Lehigh Co., June T., 1921, No. 107.

*Richard W. Iobst,* for Commonwealth; *William H. Schneller,* contra.

RENO, J.—The *certiorari* brought up the record of a summary conviction of defendant for a violation of the compulsory attendance provisions (sections 1414-1423) of the School Code. To this record a number of exceptions have been filed.

At the very outstart, our right to entertain this cause is challenged by the Commonwealth, which contends that since section 1423 of the School Code provides for an appeal from the sentence of a justice of the peace to the Court of Quarter Sessions, a *certiorari* cannot issue out of the Court of Common Pleas; that is to say, the only remedy for a review is that designated by the Code, and no authority being thereby granted to the Court of Common Pleas to review by *certiorari,* such authority does not exist. But this contention fails to discern the source of our jurisdiction. Our power to review upon *certiorari* is not derived from statutes. It is conferred by the Constitution: "The judges of the Court of Common Pleas . . . shall have power to issue writs of *certiorari* to justices of the peace . . . and to cause their proceedings to be brought before them and right and justice to be done:" Article v, § 10. This power, vested in us by the Constitution, cannot be taken from us even by express legislation: Com. *v.* Hopkins, 241 Pa. 213, 218, *obiter;* and we certainly cannot interpret a statute which merely provides a method of appeal in such manner that the legislation will have accomplished by indirection and implication that which it could not have done by direct and express enactment. The same provision also disposes of the further contention of the Commonwealth, that since by the act appeals lie to the Court of Quarter Sessions, only that court can issue writs of *certiorari.* The plain terms of the Constitution make this proposition obviously untenable, and it seems hardly necessary to add that organic acts creating the Court of Quarter Sessions grant no authority to issue writs of *certiorari.* *Vide* Acts of June 16, 1836, § 16, P. L. 784, and March 31, 1860, § 32, P. L. 427.

The first exception is: "The record does not contain the evidence or the substance of the evidence of any of the witnesses who testified." An examination of the transcript supports the exception. The transcript states that certain persons, naming them, were called and sworn on behalf of the Commonwealth, but it does not state the facts to which they testified. The transcript need not set out the testimony in full: Com. *v.* Borden, 61 Pa. 272;

Commonwealth *v.* Hoffman.

Van Swartow *v.* Com., 24 Pa. 131; but it is an indispensable requisite that the substance of the testimony must be set forth in the transcript: Com. *v.* Nesbit, 34 Pa. 398; Sadler on "Criminal Procedure," 564, and the cases there cited (note 184). Enough of the testimony must be transcribed to permit an appellate tribunal to weigh its sufficiency to support the judgment entered: Com. *v.* Patton, 4 Pa. C. C. Reps. 135. Thus, in the instant case, the transcript should show that witnesses established the age of the child, his parentage (*i. e.,* that he was the son of the defendant or that defendant exercised parental authority over the child), the legal residence of the parent and his residence within the school district, the service upon the father of the notice required by section 1423 of the Code, the absence of the child from school after the expiration of the three-day period, the maintenance by the school district of a day school in which the common English branches are taught in the English language, and such other facts as are required by the School Code. A transcript which does not disclose the substance of the evidence upon these essential ingredients will not support a conviction of a violation of the provisions of the Code.

Accordingly, the first exception must be sustained. Inasmuch as this conclusion requires us to reverse the judgment, an examination of the remainder of the numerous exceptions (many of which seem to be meritorious) is not now necessary.

Now, Dec. 19, 1921, the first exception is sustained; the judgment is reversed and set aside.

From James L. Schaadt, Allentown, Pa.