From James L. Schaadt, Allentown, Pa.

---

### Commonwealth v. Shippey et al.

*Trespass — Posted property — Joint action — Several defendants—Act of April 14, 1905.*

1. Where an offence for which a fine or penalty may be imposed is a violation of an act of assembly, the action must be brought in the name of the Commonwealth. This is so, even though part or all of the money recovered must be paid to the informer or a municipality.

2. Nothing can be left to inference in a proceeding under the Act of April 14, 1905, P. L. 169, against defendants charged with trespassing upon lands posted as private property. When two or more persons are made defendants in a joint action, the testimony must not only clearly establish a trespass, but must also show that the defendants acted together or in concert.

*Certiorari* of a justice of the peace's record. C. P. Somerset Co., Dec. T., 1922, No. 490.

*Ross R. Scott,* for defendants.

BERKEY, P. J., Feb. 9, 1923.—The proceeding under consideration was brought before a justice of the peace on information, warrant, trial and judgment under the Act of April 14, 1905, P. L. 169, making it unlawful to trespass upon lands posted as private property, and providing a penalty therefor. The first assignment of error is as follows:

"The suit in the above action was improperly brought, for the reason that it should have been brought in the name of the Commonwealth of Pennsyl-

3 D. & C.

vania, to the use of the school district wherein the violation was alleged to have been committed, and, therefore, the justice was without jurisdiction and the judgment rendered thereon illegal and void and the proceedings should be reversed."

The court's attention has been called to county court cases in which it is argued this legal position has been sustained. An examination of the cases cited in support of that contention, which are as follows, Com. v. Winchester, 3 Clark, 34; Adams v. Com., for use of the Supervisors of Penn Township, as well as for the use of Joel D. Hoffner, the informer, 1 Woodward, 417, reveals that these cases were *qui tam* actions; therefore, they do not govern the case at bar; but other cases are cited, viz.: Com. v. Wentz, 62 Pitts. L. J. 252; Caufman's Case, 35 Pa. C. C. Reps. 417; Com. v. Pfeiffer, 35 Pa. C. C. Reps. 476. An examination of these cases reveals that they sustain the contention of counsel for the plaintiff in error. A reference to Com. v. Wilkins et al., 75 Pa. Superior Ct. 305, 308, in an opinion by Hirt, J., and approved by the Superior Court, clearly overrules these cases and they are no longer authority. The statute under which this proceeding is brought, in section 2, provides, *inter alia:* "In default of payment of said fine and costs, the party convicted shall be committed to the county jail," &c. The proceeding is not a *qui tam* action of debt, notwithstanding the fine is given to the school fund of the district in which the trespass was committed. The act, in the language just quoted, refers to the defendant in the proceeding as "the party convicted," and it is, therefore, properly brought in the name of the Commonwealth.

Convictions are always under the prosecution of the State: Carlisle v. Baker, 1 Yeates, 471; Com. v. Wolf, 3 S. & R. 48; Van Swartow v. Com., 24 Pa. 131. It is clear that the statute charges a crime.

An offence which may be the subject of a criminal prosecution has been defined to be an act committed or omitted in violation of a public law, either forbidding or commanding it: 1 Wharton's Criminal Law, § 14.

The criminality of the act or omission consists, not in a simple perpetration of the act or the neglect to perform it, but in its being a violation of a positive law: Bouvier's Law Dictionary.

Where an act is made unlawful by an act of assembly, and no form of proceeding is provided in it, it is indictable in the Quarter Sessions because it is a public offence: Com. v. Betts, 76 Pa. 465.

Where an act of assembly provides a fine or penalty for the violation of it, to be collected as fines and penalties are now collected by law, it is a criminal proceeding: Com. v. Betts, 76 Pa. 465; Mahanoy Borough v. Wadlinger, 142 Pa. 308.

Where an offence for which a fine or penalty may be imposed is a violation of an act of assembly, the action must be brought in the name of the Commonwealth. This is so, even though part or all of it must be paid to the informer or a municipality: Van Swartow v. Com., 24 Pa. 131; Specht v. Com., 24 Pa. 103; Com. v. Borden, 61 Pa. 272; Com. v. Dulaney, 25 Lanc. Law Rev. 350; Com. v. Peaco et al., 19 Dist. R. 880.

A most comprehensive review of the question raised by this assignment of error is contained in the elaborate, clear and conclusive opinion of President Judge Rice in Com. v. Shields (No. 2), 50 Pa. Superior Ct. 194.

I conclude, therefore, the only proper form of action under the act of assembly under consideration is to bring the proceeding in the name of the Commonwealth, as otherwise, in many instances, an anomalous situation would result, as is so clearly demonstrated by Judge Hirt in his opinion in Com. v. Wilkins et al., 75 Pa. Superior Ct. 305, 309. The exception is overruled.

Commonwealth v. Shippey et al.

The second exception is as follows: "The uncontradicted evidence of the prosecutor showed that the defendants entered separately at different times (upon the land posted under the Act of April 14, 1905), and that there was no concerted action by them."

By an inspection of the record, which has been well prepared by the justice of the peace, it is shown that the evidence by the prosecutor was as follows: "I saw Frank Shippey and Adam Imgrund often this summer driving teams on my land after the notices were posted. . . . I saw Paul Imgrund driving a team over my fields to-day. . . . Shippey and Imgrund tore down my fences, drove over my fields and left the fences down." This testimony clearly establishes a trespass, but it does not establish that these defendants acted together or in concert. It fails to show that the defendants committed these trespasses when in view of one another; it fails to disclose the time or times accurately, but in fact does indicate on various days. Nothing can be left to inference in a proceeding of this kind, and I conclude, therefore, that the testimony does not warrant the judgment rendered in the case: Com. ex rel. v. Fortney et al., 1 D. & C. 324, and cases there cited. Wherefore, the second exception is sustained and the proceeding is reversed.

From P. G. Cober, Somerset, Pa.